**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy Michols, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>Regency Park Capital 2011, Inc., an Arizona corporation; Ranjit Singh, an individual,<br><br>            Defendants. | No. CV 12-00491-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's "Application for Entry of Default Judgment Against Defendants" (Doc. 11). Despite its name, this "application" is a motion for default judgment. Clerk's entry of default has already been entered. (Doc. 9.)

Plaintiff "requests that a jury determine her damages." (Doc. 11 at 2.) However, "in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages." *Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992); *see also Mwani v. Bin Ladin*, 244 F.R.D. 20, 24 (D.D.C. 2007) (rejecting "Plaintiffs' claim that the Federal Rules of Civil Procedure and the Seventh Amendment trigger a right to a jury determination of damages with respect to a Rule 55(b) evidentiary motion," and citing supporting cases). Rule 55(b)(2) only requires a jury trial where a "federal statutory right to a jury trial exists." There is only one federal statute which requires a jury trial. *See* 10A Charles Alan Wright et al., *Federal Practice & Procedure (Civil)* § 2688, at 69 (3d ed. 1998) (explaining that only 28 U.S.C. § 1874, regarding

certain actions on bonds, contains a statutory jury trial right). Plaintiff does not sue under that statute.

In this circumstance, the Court has discretion to resolve Plaintiff's motion through declarations and attached documents, a live hearing without a jury, or a live hearing with a jury. 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.32[2][c]–[e] (3d ed. 2010). In this circumstance, a live hearing without a jury regarding damages would be the most effective. In addition, Plaintiff will be required to submit a trial brief regarding the legal sufficiency of certain of her claims. *See id*. § 55.32[1][b] (legal sufficiency of claims not established by default).

IT IS THEREFORE ORDERED that, by May 10, 2012, Plaintiff shall submit a trial brief of no more than fifteen pages on the following issues:

- Regarding Count 3 (Defamation *Per Se*), whether this counts states a claim upon which relief can be granted in light of the failure to allege any statements or their falsity.
- Regarding Count 4 (Intentional Infliction of Emotional Distress), whether this count states a claim upon which relief can be granted.
- Regarding Count 5 (Arizona Employment Protection Act), whether this count states a claim upon which relief can be granted in light of A.R.S. § 23-1501(3)(b).

IT IS FURTHER ORDERED that Plaintiff and her counsel shall appear on May 17, 2012 at 2:30 p.m., at 401 W. Washington St., Phoenix, Arizona, Courtroom 504, for an evidentiary hearing and oral argument regarding Plaintiff's "Application for Entry of Default Judgment Against Defendants" (Doc. 11).

Dated this 16th day of April, 2012.

_____
Neil V. Wake
United States District Judge